**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUSTIN R., by and through his mother Jennifer R. and JENNIFER R.,

          Plaintiffs - Appellants,

  v.

KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawai'i Public Schools and STATE OF HAWAI'I DEPARTMENT OF EDUCATION,

          Defendants - Appellees.

No. 12-16048

D.C. No. 1:10-cv-00657-LEK-RLP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawai'i
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 19, 2014
Honolulu, Hawai'i

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

By and through his mother, Jennifer R., Justin R. (collectively, "Justin") appeals

the district court's denial of attorney fees and costs based on its finding that

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants lacked "prevailing party" status under the Individuals with Disabilities in Education Act's ("IDEA") attorney fees provision, 20 U.S.C. § 1415 (i)(3). The denial followed litigation and a settlement reached with the Hawai'i Public Schools and the Hawai'i Department of Education (collectively, "Matayoshi"). We reverse and remand.

Under the IDEA, a district court, "in its discretion, may award reasonable attorney[ ] fees as part of the costs . . . . to a prevailing party who is the parent of a child with a disability[.]" 20 U.S.C. § 1415 (i)(3)(B). *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), teaches that to be a "prevailing party," a litigant must demonstrate it has obtained a judicially sanctioned material alteration of the parties' legal relationship. "*Buckhannon*'s definition of 'prevailing party' applies to the IDEA's attorney[ ] fees provision[.]" *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir. 2004).

The parties agree that their settlement agreement constitutes a material alteration of their legal relationship. *See also Richard S. v. Dep't of Developmental Servs. of State of California*, 317 F.3d 1080, 1087 (9th Cir. 2003). *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002), *cert. denied*, 537 U.S. 820 (2002), answers the remaining question, whether there was sufficient

2

judicial *imprimatur* over this alteration. *Barrios* holds that a plaintiff who enters into an enforceable private settlement agreement providing for judicial resolution of attorney fees is a "prevailing party." 277 F.3d at 1134. The *Barrios* court determined that the parties' settlement agreement possessed the requisite judicial *imprimatur* since, "in [it], [the parties] agreed that the district court would retain jurisdiction over the issue of attorney[ ] fees."[1] *Id.* at 1134 n.5; *see Richard S.*, 317 F.3d at 1086-87.

As in *Barrios*, the parties agreed in the settlement agreement that the district court "shall retain jurisdiction to determine the issue of Plaintiffs' entitlement to reasonable attorney[ ] fees and costs, if any[.]"[2] In addition, the Stipulation and Order explicitly refers to the verbal settlement reached before a magistrate judge during a court-initiated settlement conference and reserves jurisdiction for the court to decide the attorney fees issue. Because the settlement agreement resulted in a material alteration of the parties' legal relationship and the Stipulation and Order and settlement agreement provided sufficient judicial *imprimatur*, Justin is the prevailing party under the IDEA's fee provision, 20 U.S.C. § 1415 (i)(3)(B). *See Barrios*, 277

---

[1] Contrary to Matayoshi's argument, the terms of the settlement in *Barrios* were not incorporated into the district court record. *See Barrios,* 277 F.3d at 1133.

[2] As in this case, the settlement at issue in *Barrios* did not state the plaintiff was entitled to attorney fees; instead, the settlement reserved the issue of "*whether* any party" is a prevailing party entitled to attorney fees "for the Court to decide upon motion by any party." *Barrios*, 277 F.3d at 1133 (emphasis added).

3

F.3d 1128. Accordingly, we reverse and remand for the district court to determine the amount of fees and costs.

**REVERSED and REMANDED**.